IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LUIS SIERRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-315-JLH-EGT |
| | ) | |
| JOSHUA L. NIBLETT et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Luis Sierra, an inmate at Sussex Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original Complaint on March 23, 2026, which he amended on April 20, 2026.  (D.I. 3 & 11).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5).  The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  For the reasons set forth below, the Court recommends that the Complaint be DISMISSED WITHOUT PREJUDICE.

## I.      BACKGROUND

On January 30, 2026, Plaintiff was transferred from James T. Vaughn Correctional Center ("JTVCC") to Sussex Correctional Institution.  (D.I. 11 at 5).  On February 4, 2026, Defendant Captain John Mitchell advised Plaintiff that a search of his incoming property from JTVCC revealed four white folded up sheets of paper laced with cannabinoid.  (*Id.*).

Plaintiff chose to proceed administratively.  Plaintiff was charged with Felony, Substance Abuse, and Promoting Prison Contraband.  (D.I. 11 at 6; D.I. 11-1 at 2).  Plaintiff pleaded not guilty and requested counsel and witnesses from JTVCC.  (D.I. 11 at 6).  Defendant Captain Joshua Niblett presided at Plaintiff's disciplinary hearing on February 10, 2026, where Plaintiff was

denied the opportunity to call witnesses and was ultimately found guilty. Defendant Commissioner Terra Taylor upheld the verdict. (*Id.* at 8).

Plaintiff alleges that the foregoing search and disciplinary hearing violated his constitutional rights under the Sixth, Eighth and Fourteenth Amendments, and he is suing Defendants Mitchell, Niblett and Taylor based on their involvement in the complained-of events, as well as Warden Scott Ceresini (collectively, "Defendants"). (*See generally* D.I. 11). Plaintiff seeks monetary damages and various forms of injunctive relief. (*Id.* at 10-11).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   **DISCUSSION**

#### A.   **Warden Ceresini**

In the Amended Complaint, Plaintiff only alleges that, as warden, Defendant Ceresini "is suppose[d] to oversee his officers and ensure that his officers are abiding by the guidelines of Policy and not oppression." (D.I. 11 at 8). Yet Plaintiff fails to allege that Ceresini was personally involved in any of the complained-of events here. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). Without more, Plaintiff has not alleged sufficient personal involvement to state any cognizable claim against Defendant Ceresini. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (liability under § 1983 must be based on personal involvement, not respondeat superior); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (personal involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence").

#### B.   **Captain Niblett and Commissioner Taylor (Due Process Claim)**

Plaintiff claims that his disciplinary hearing and appeal were constitutionally deficient. Plaintiff alleges that his hearing officer, Defendant Niblett, was biased against him; Plaintiff also complains that he was not permitted to consult with counsel, to call correctional officers from JTVCC as witnesses or to receive written testimony from those JTVCC witnesses. (D.I. 11 at 8). Plaintiff alleges that Defendant Taylor violated Plaintiff's rights by upholding the verdict of the hearing officer. (*Id.*). As a result of the guilty decision, Plaintiff was apparently sanctioned ninety (90) days loss of privileges and three (3) days loss of good time. (D.I. 11-1 at 9). Plaintiff alleges that, in connection with his administrative disciplinary proceedings, Niblett and Taylor violated Plaintiff's rights under the Sixth, Eighth and Fourteenth Amendment. (D.I. 11 at 8).

In *Wolff v. McDonnell*, the Supreme Court held that a prisoner deprived of a constitutionally cognizable liberty interest has a due process right to an administrative hearing with certain procedural protections. 418 U.S. 539 (1974). Specifically, at a prison disciplinary hearing, due process requires that the inmate: (1) be given not less than 24 hours prior written notice of the charges against him; (2) be afforded the opportunity to call witnesses and present documentary evidence when it is safe to do so; (3) be permitted assistance from an inmate representative when necessary; and (4) receive a written decision explaining the decision-maker's conclusions and the bases for those conclusions. *Id.* at 563-71. But there is generally no liberty interest for due process to protect unless the prison "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff does not allege an actionable violation of the Fourteenth Amendment. He received two sanctions: the loss of privileges for ninety (90) days and the loss of three (3) days of good time. As to privileges, the loss of ninety days' worth of privileges is not an "atypical and significant hardship" sufficient to trigger a liberty interest. This sanction is neither atypically long nor distinct from sanctions imposed on other inmates in Delaware state prisons. *See Yarborough v. Hudson*, C.A. No. 22-1573-CFC, 2023 WL 4078320, at *3 (D. Del. June 20, 2023), *aff'd*, 2023 WL 6308668 (3d Cir. Sept. 28, 2023).

As to good-time credits, Plaintiff does have a cognizable liberty interest in keeping the good-time credits he previously earned. *See Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013); *see also* DEL. CODE ANN. tit. 11 §§ 4381-4383. And when the process used to deprive an individual of good time credits is constitutionally deficient, a claim under § 1983 may be cognizable. *Wolff*, 418 U.S. at 554-55. But the chief complaint against Niblett is that he was allegedly biased against Plaintiff because Niblett wanted "to support his collogue [sic] Captain

5

Case 1:26-cv-00315-JLH-EGT    Document 13    Filed 06/12/26    Page 6 of 8 PageID #: 83

John Mitchell." (D.I. 11 at 8). Where, as here, a prisoner plaintiff seeks money damages based on allegations of bias during an administrative hearing, his claim necessarily implies that the underlying administrative decision to revoke good-time credits is invalid.[1] *See Edwards v. Balisok*, 520 U.S. 641, 645-47 (1997). And where, as here, that administrative decision has not actually been overturned, the claim is barred under *Heck*. *See id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent that Plaintiff is seeking reinstatement of his good-time credits (*see* D.I. 11 at 10), any such claim must be pursued in a habeas action (rather than this § 1983 action) because the loss of earned good-time credits impacts the duration of Plaintiff's confinement. *See Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019) (per curiam) (citing *Edwards*, 520 U.S. at 643-44); *see also Shivers v. Hollingsworth*, 2023 WL 4265611, at *4 (D. Del. June 29, 2023).

The Court cannot discern any other distinct claims in the Amended Complaint against Defendants Niblett and Taylor. Plaintiff alleges that they violated his Sixth and Eighth Amendment rights. (D.I. 11 at 8). But sentenced inmates do not have a Sixth Amendment right to counsel during prison disciplinary proceedings. *See Wolff*, 418 U.S. at 556; *Islaam v. Kubicki*, 838 F. App'x 657, 660 (3d Cir. 2017). Any such right comes from the Fourteenth Amendment, although inmates generally do not have a right to counsel at disciplinary proceedings.[2] *Baxter v.*

---

[1] The Court does not understand Plaintiff to be asserting a claim based on procedural defects alone. (*See* D.I. 11 at 8 ("Niblett violated my [rights] . . . for the following reasons of: (1) malicious and biased intent to support his collogue [sic] . . . Mitchell's falsified contention, ***by***, (2) refusing to allow me to consult with my counsel . . ., (3) refusing to call or retrieve written testimony from 'any' of my witnesses, . . . (6) ***He was an impartial Hearing Officer*** because he had prior knowledge of me being charged in a Prison Riot . . . ." (emphases added))). That is a different type of claim. *See generally Harden v. Pataki*, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003) (explaining the difference between the procedural claims of *Edwards* and *Wolff*).

[2] And Plaintiff does not plead any special circumstances that required someone to assist him in his disciplinary proceeding. *See Wolff*, 418 U.S. at 470.

6

*Palmigiano*, 425 U.S. 308, 315 (1976). And Plaintiff does not allege that any punishment other than the modest loss of privileges and good time resulted from the disciplinary proceeding. *See Yarborough*, 2023 WL 4078320, at \*3. To the extent Plaintiff argues that the punishment from the hearing violates the Eighth Amendment, it does not. *See Schreane v. Seana*, 506 F. App'x 120, 124 (3d Cir. 2012).

### C. Captain Mitchell

Plaintiff alleges that Defendant Mitchell planted contraband in Plaintiff's property and provided false information regarding the items that were confiscated from Plaintiff's property, all of which gave rise to the disciplinary charges. Plaintiff complains that this conduct violated his rights under the Eighth Amendment. It does not. That being said, the Court will liberally construe Plaintiff's pleading as if he asserted a due process claim against Mitchell for this conduct.

The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted an adequate hearing and an opportunity to rebut the charges. *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-40 (7th Cir. 1984). Although Plaintiff was provided a hearing, he alleges that the hearing was inadequate to protect his due process rights. (D.I. 11 at 8; *id.*, Ex. D). In Plaintiff's view, because the hearing officer was biased, the hearing did not cure any harm caused by Mitchell allegedly planting contraband among Plaintiff's property. *See Grillo v. Coughlin*, 31 F.3d 53, 56 (2d Cir. 1994) (distinguishing *Freeman* because *Wolff*'s due process requirements were not met); *Hanrahan*, 747 F.2d at 1141-42. But as discussed, the hearing's alleged procedural defects necessarily imply that depriving Plaintiff of his good time credits was erroneous. Plaintiff's claim against Mitchell is thus also barred by *Heck*. *See Petermon v. Purdue*, C.A. No. 3:20-406-GCS, 2021 WL 690024, at \*4-5 (S.D. Ill. Feb. 23, 2021).

\*    \*    \*

The Court recommends that the Complaint be dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Given the nature of the relief requested and the procedural hurdles that exist in this case, the Court suspects that all claims are likely *Heck*-barred. Plaintiff should be given one final opportunity to file an amended pleading, and that pleading should clearly indicate whether the decision to deprive Plaintiff of good-time credits has been overturned.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that the Amended Complaint (D.I. 11) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  June 12, 2026

_____
UNITED STATES MAGISTRATE JUDGE

8